UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Royal Melrose, a division of the
Cold Spring Granite Company, a
Minnesota corporation,

                    Plaintiff,

    vs.

Birkmeier Monument Manufacturing
Co., Inc., an Ohio corporation; and
Wholesale Granite Distributors, Inc.,
an Ohio corporation,

                    Defendants.          Civ. No. 05-1418 (JMR/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.  <u>Introduction</u>

This matter came before the undersigned United States Magistrate Judge

pursuant to a special assignment, made in accordance with the provisions of Title 28

U.S.C. §§636(b)(1)(B), upon the Motion of the Defendant Birkmeier Monument

Manufacturing Co., Inc. ("BMMC") to Dismiss or, in the alternative, for Summary

Judgment.  A Hearing on the Motions was conducted on October 14, 2005, at which

time, the Plaintiff Royal Melrose ("Royal Melrose"), appeared by Kirby A. Dahl, Esq., and BMMC appeared by Tad S. Pethybridge, Esq.  For reasons which follow, we recommend that BMMC's Motion to Dismiss, or in the alternative, for Summary Judgment be denied.

## II.  Factual and Procedural Background

Royal Melrose is a division of the Cold Spring Granite Company, a Minnesota corporation, which has its principal place of business in Cold Spring, Minnesota.  For years, Royal Melrose has been a dealer of granite and other stone memorial products.

BMMC, and Wholesale Granite, are both Ohio corporations, which have their principal places of business in Ohio.  Jeff Birkmeier ("Birkmeier") is an officer of both BMMC, and Wholesale Granite.  Affidavit of Jeff Birkmeier("Birkmeier Aff."), Docket No. 7, at ¶1; Reply Memorandum of Law in Support of Defendant's Motion to Dismiss, Docket No. 29, at 3.   Royal Melrose asserts that BMMC, and Wholesale Granite, share common ownership and -- with regards to their interactions with Royal Melrose, and other divisions of Cold Spring Granite Company -- are operated as interchangeable entities.  Amended Complaint, Docket No. 10, at ¶2.

BMMC is alleged to have ordered thousands of granite, and memorial products, from the Plaintiff in Minnesota dating back to the early 1990's and continuing through

- 2 -

to 2005.  See, <u>Affidavit of Gary Theisen</u> ("<u>Theisen Aff.</u>"), <u>Docket No. 16</u>, at ¶2.

Representatives of BMMC, and Wholesale Granite, frequently contacted Royal

Melrose via phone, fax, and letters, to order products, discuss terms, and make

payments on the Royal Melrose/BMMC Account Number 1-5799.  <u>Id.</u> at ¶¶2-3.  The

account was used to pay for goods purchased, and shipped, to BMMC and

Wholesale Granite.  <u>Id.</u> at ¶3.   Birkmeier avers that BMMC has "not transacted any

business in Minnesota since January 2003," and that no part of the debt accumulated

on the account was incurred by BMMC.  <u>Birkmeier Aff.</u>, at ¶¶2-3.   The Plaintiff

alleges that the Defendants jointly, and/or individually, owe a delinquent balance of

$145,858.02 on an open account for goods sold and delivered from the Plaintiff to the

Defendants.  See, <u>Amended Complaint</u>, <u>Docket No. 10</u>, at ¶3.

On at least two (2) occasions over the last three (3) years prior to the filing of

this suit, Birkmeier personally visited Cold Spring, Minnesota.  <u>Affidavit of Johnny</u>

<u>Phillips</u>, <u>Docket No. 15</u>, at ¶6. Birkmeier met with the Plaintiff's representatives to

discuss business dealings from the past year, and business dealings and sales between

his companies, and divisions of Cold Spring Granite Company in the future.  See, <u>id.</u>;

Theisen Aff., Ex. 12.

In a letter dated December 13, 2004, Cold Spring Granite Company sent a letter to BMMC detailing the need to bring Royal Melrose Account Number 1-5799 current. Theisen Aff., Docket No. 25, Ex. 11.  The letter, which acknowledges the debt, was returned to Cold Spring Granite Company and was signed by "Jeff Birkmeier," and dated January 4, 2005.  Id.

On July 15, 2005, a Summons and Complaint were filed in Stearns County District Court.  The Defendant BMMC removed the case to this Court on the same day.  On July 21, 2005, BMMC filed this Motion to Dismiss or, in the alternative, for Summary Judgment, based upon an asserted lack of personal jurisdiction, and the failure to state a legally cognizable claim.

## III.  Discussion

A.    The Motion to Dismiss for Lack of Personal Jurisdiction.

1.    Standard of Review.  Once a defendant has challenged a Federal Court's jurisdiction over that defendant's person, the plaintiff bears the burden of proving that such jurisdiction exists.  Romak USA, Inc. v. Rich, 384 F.3d 979, 983-84 (8th Cir. 2004); Aero Systems Engineering, Inc. v. Opron, Inc. 21 F. Supp.2d 990, 995 (D. Minn. 1998).  Although the plaintiff bears the ultimate burden, at Trial, to establish personal jurisdiction by a preponderance of the evidence, where the challenge is made

- 4 -

in a Motion to Dismiss, the plaintiff need only establish a prima facie case.  Id.; Epps

v. Stewart Information Services Corp., 327 F.3d 642, 647 (8th Cir. 2003); citing Falkirk

Min. Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 373 (8th Cir. 1990); Digi-Tel

Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd., 89 F.3d 519, 522 (8th Cir.

1996).  Where, as here, personal jurisdiction is challenged at a pretrial stage, all factual

disputes are required to be resolved in the plaintiff's favor.  Romak USA, Inc. v. Rich,

supra at 983-84, citing Epps v. Stewart Information Services Corp., supra at 647; Bell

Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 818 (8th Cir. 1994).

Our inquiry into the Court's personal jurisdiction, over a non-resident

defendant, has two facets:

> 1)    Whether the facts presented satisfy the forum State's
> long-arm statute; and
>
> 2)    Whether the non-resident has "minimum contacts"
> with the forum State so that the Court's exercise of
> jurisdiction would be fair and in accordance with due
> process.

Wessels, Arnold & Henderson v. Nat'l. Medical Waste, 65 F.3d 1427, 1431 (8th Cir.
1995); Wines v. Lake Havasu Boat Mfg., 846 F.2d 40, 42 (8th Cir. 1988).

As determined by the Minnesota Supreme Court, Minnesota's Long-Arm Statute,

Minnesota Statutes Section 543.19, extends the State's jurisdiction to the fullest extent

allowed by the Due Process Clause.  St. Paul Fire and Marine Ins. Co. v. Courtney

Enterprises, Inc., 270 F.3d 621, 623 (8th Cir. 2001), citing Minnesota Mining & Mfg. Co. v. Nippon Carbide Indus. Co., 63 F.3d 694, 697 (8th Cir. 1995), cert. denied, 516 U.S. 1184 (1996); St. Jude Medical, Inc. v. Lifecare Int'l, Inc., 250 F.3d 587, 591 (8th Cir. 2001), citing Wessels, Arnold & Henderson v. Nat'l. Medical Waste, supra at 1431; Valspar Corp. v. Lukken Color Corp., 495 N.W.2d 408, 410-11 (Minn. 1992). As a consequence, we need only determine whether an assertion of jurisdiction over the Defendant would be consistent with the constitutional guarantees of Due Process. See, Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004), cert. denied 125 S. Ct. 1304 (2005); St. Paul Fire and Marine Ins. Co. v. Courtney Enterprises, Inc., supra at 623; Wessels, Arnold & Henderson v. Nat'l. Medical Waste, supra at 1431.

Under the Due Process Clause of the Fifth and Fourteenth Amendments, "personal jurisdiction over a nonresident defendant is proper only if the defendant has certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe v. Washington, 326 U.S. 310, 316 (1945), citing Milliken v. Mayer, 311 U.S. 457, 463 (1940); Epps v. Stewart Information Services Corp., supra at 647, quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980). In this

respect, "the substantial connection between the defendant and the forum state necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum state." Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 112 (1987), citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).  In determining the existence of a sufficient level of jurisdictional "contacts," the Court considers whether the defendant's conduct, and its connection to the forum State, are such that the defendant should have reasonably anticipated being haled into the Courts of that State, by purposefully availing itself of the privilege of doing business there.  Burger King Corp. v. Rudzewicz, supra at 474. "In a contract case a court must consider the parties' prior negotiations, contemplated future consequences and actual course of dealings," and "[t]he terms of the contract must be taken into account as well."  St. Jude Medical, Inc. v. Lifecare Int'l, Inc., supra at 591, citing Burger King Corp. v. Rudzewicz, supra at 479.

As the governing law makes clear:

> This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a

> result of "random," "fortuitous," or "attenuated" contacts
> * * * or because of the "unilateral activity of another party
> or a third person."

<u>Burger King Corp. v. Rudzewicz</u>, supra at 475; see also, <u>Stanton v. St. Jude Medical,</u>
<u>Inc.</u>, 340 F.3d 690, 693-94 (8th Cir. 2003).

Accordingly, in determining the sufficiency of a defendant's contacts, the Court must

evaluate the following factors:

> 1)    the nature and quality of contacts with the forum
> state;

> 2)    the quantity of such contacts;

> 3)    the relation of the cause of action to the contacts;

> 4)    the interest of the forum state in providing a forum
> for its residents; and

> 5)    the convenience of the parties.

<u>Stanton v. St. Jude Medical, Inc.</u>, supra at 694, citing <u>Austad Co. v. Pennie &</u>
<u>Edmonds</u>, 823 F.2d 223, 226 (8th Cir. 1987); <u>Romak USA, Inc. v. Rich</u>, supra at 984,
citing <u>Dever v. Hentzen Coatings, Inc.</u>, supra at 1073-74; <u>Aylward v. Fleet Bank</u>, 122
F.3d 616, 618 (8th Cir. 1997).

Of these factors, the first three are of primary importance, and are usually considered

together.  <u>Id.</u> at 694; <u>Romak USA, Inc. v. Rich</u>, supra at 984 ("We give 'significant

weight * * * to the first three factors.'"), quoting <u>Dever v. Hentzen Coatings, Inc.</u>,

supra at 1073-74; <u>Juelich v. Yamazaki Mazak Optonics Corp.</u>, 682 N.W.2d 565, 570

(Minn. 2004).  Furthermore, when considering the third factor, whether the jurisdiction

is "specific," or is "general," will distinguish the relationship between the cause of action and the contacts. Wessels, Arnold & Henderson v. Nat'l. Medical Waste, supra at 1432 n. 4; Bell Paper Box, Inc. v. U.S. Kids, Inc., supra at 819.

Jurisdiction is "specific" when the jurisdiction arises from, or relates to, the defendant's specific actions in the forum State, which generated the plaintiff's claim. Helicopteros Nacionales de Columbia v. Hall, 466 U.S. 408, 414 n. 8 (1984); Epps v. Stewart Information Services, Inc., supra at 648 ("When a cause of action arises out of or is related to a defendant's contacts with the forum state, the exercise of personal jurisdiction is one of specific jurisdiction."). On the other hand, "general" jurisdiction refers to the power of a State to adjudicate any cause of action, irrespective of where the cause of action arose, and it requires that the defendant have "continuous and systematic" contacts with the forum. Id.; Epps v. Stewart Information Services, Inc., supra at 648 ("[I]f the exercise of jurisdiction does not depend on the relationship between the cause of action and the defendant's contacts with the forum state, the exercise of personal jurisdiction is one of general jurisdiction.").

According to our Court of Appeals, "[g]eneral jurisdiction refers to the power of a state to adjudicate any cause of action and does not depend on the relationship between the cause of action and the contacts." Burlington Industries, Inc. v. Maples

<u>Industries</u>, 97 F.3d 1100, 1103 (8th  Cir. 1996) citing <u>Wessels, Arnold & Henderson</u> <u>v. National Medical  Waste, Inc.</u>, supra at 1432 n.4.  "When general jurisdiction is in question, a defendant may be subject to the forum state's exercise of personal jurisdiction if contacts with the state are continuous and systematic." <u>Epps v. Stewart</u> <u>Information Services, Inc.</u>, supra at 648.  However, even if the defendant has purposefully established the necessary "minimum contacts" within the forum State, considerations of "fair play and substantial justice" may, nonetheless, defeat the reasonableness of the jurisdiction asserted.  <u>Burger King Corp. v. Rudzewicz</u>, supra at 476-78.

 2. <u>Legal Analysis.</u>  The alleged contacts in this action are all specifically related to the business relationship between BMMC and Royal Melrose, and there is no suggestion that BMMC maintains "continuous and systematic" contacts with the forum.  Thus, Royal Melrose asserts specific rather than general jurisdiction over BMMC.

In assessing the presence of personal jurisdiction, we first consider the primary factors.  In making its <u>prima</u> <u>facie</u> showing of jurisdiction, Royal Melrose has established the existence of a number of contacts between BMMC, and the forum, which were related to the underlying claims in this litigation.  First, the contractual

arrangements between the parties called for hundreds of contacts with the forum State, which included placing orders, negotiating terms, and shipping thousands of granite, and other stone memorial products, from Royal Melrose in Minnesota, which have occurred, continuously, over the last decade.  Theisen Aff., at ¶¶2-3.

Additionally, Birkmeier, assertedly representing the interests of both BMMC and Wholesale Granite, visited Cold Spring on different occasions in order to "introduce the beginning of a marketing program designed to market Royal Melrose products," and so as to conduct other business dealings with Royal Melrose.  Phillips Aff. ¶6; Theisen Aff., Docket No. 26, Ex. 12.  Further, a letter signed by Birkmeier, on behalf of BMMC on January 4, 2005, was also received by Royal Melrose, and addressed and acknowledged the very disputed account that is at the heart of this matter. Theisen Aff., Docket No. 25, Ex. 11.  Lastly, Royal Melrose alludes to "[h]undreds of [BMMC's] contacts with Plaintiff by telephone, fax, letter, and in person over a time period of at least ten years."  Memorandum of Law in Opposition to Defendant's Motion to Dismiss, Docket No. 14, at 3; Theisen Aff., at ¶2.

In light of these averments, we agree with Royal Melrose that it has carried its burden of making a prima facie showing of personal jurisdiction over BMMC.[1]  It is true, as BMMC insists, that occasional visits to the forum State -- purportedly in a capacity outside of representing BMMC -- by its officers, as well as correspondence with a resident of the forum State, and other contacts, are not separately sufficient to

---

[1]We are mindful that "another wrinkle is added" to the personal jurisdiction question, when a parent, or related corporation, is involved in the analysis of the defendant's contacts with the forum State.  See, e.g., Epps v. Stewart Information Services Corp., 327 F.3d 642, 648-49 (8th Cir. 2003); Kling v. ADC Group Long-Term Disability Plan, 2004 WL 2370682 at *2 (D. Minn., October 24, 2004).  Here, BMMC relies heavily upon the Affidavit of Jeff Birkmeier, who is the President of BMMC, that BMMC "has not transacted any business in Minnesota since January 2003," and that "[n]o part of the debt that is alleged in this lawsuit was incurred" by BMMC.  Affidavit of Jeff Birkmeier, Docket No. 7, at pp. 1-2.  Birkmeier's averments, however, have been directed contradicted by representatives of Royal Melrose.  See Affidavit of Gary Theisen, Docket No. 16, at p. 2 ("Birkmeier Monument Manufacturing Co., Inc. ("BMMC") has purchased thousands of granite and other stone memorial products from Royal Melrose since the early 1990's;" "[f]rom January 28, 1999 to September 20, 2005, BMMC purchased approximately 5,737 units, amounting to almost $1,000,000 in purchases from Royal Melrose;" and, "[t]o effectuate the thousands of purchases, BMMC continually contacted Royal Melrose by phone, fax and letter to order products, discuss terms, and make payment.").  We find these averments sufficient, in conjunction with the other showings of Royal Melrose, to satisfy Royal Melrose's obligation of making a prima facie case of personal jurisdiction.  As alleged by Royal Melrose, in its Amended Complaint, see, Docket No. 10, at p.2, "Wholesale Granite [Distributors, Inc.,] and BMMC share common ownership and, with regard to their dealings with Royal Melrose and other divisions of the Cold Spring Granite Company, operated as interchangeable entities."  These allegations have not been denied, let alone controverted, to date.

establish personal jurisdiction.   See, <u>Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.</u>, supra at 523 (phone calls into a State are relevant, but do not, taken alone, establish jurisdiction); <u>Morris v. Barkbuster, Inc.</u>, 923 F.2d 1277, 1281-82 (8th Cir. 1991)(three visits to forum State, in implementation of sales contract, do not confer jurisdiction).   Personal jurisdiction, however, "depends upon a 'defendant's contacts with the forum in the aggregate, not individually,'" and those contacts are not considered in a vacuum, but in light of the "totality of the circumstances."   <u>Northwest Airlines, Inc. v. Astraea Aviation Servs., Inc.</u>, 111 F.3d 1386, 1390 (8th Cir. 1997), quoting <u>Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.</u>, supra at 1388.

BMMC's continuing and regular correspondence and business dealings with Royal Melrose, and the occasional visits to Minnesota by its representatives, which related to the maintenance, and to the possible expansion of its business relationship with Royal Melrose, support the exercise of personal jurisdiction.   Ultimately, our inquiry is limited to whether Royal Melrose has made a <u>prima facie</u> showing of sufficient contacts between BMMC, and this forum, so as to sustain a finding of personal jurisdiction.   As noted, we need not, at this stage, require a preponderance of the evidence showing.   Our examination of the totality of the circumstances, under

the first three factors of the Due Process analysis, convinces us that Royal Melrose has satisfied the prima facie showing.  Cf., Wessels, Arnold & Henderson v. National Medical Waste, Inc., supra at 1432-33 (regardless of who initiated contact, numerous mail and telephone contacts, performance of work in Minnesota, coupled with visits by representatives and choice of law provision satisfies due process standard); Bell Paper Box, Inc. v. U.S. Kids, Inc., supra at 820 (visit to forum State, correspondence into forum State, and performance of contract within forum State "were not random, fortuitous, or attenuated contacts").  In sum, BMMC actively fostered and nurtured a continuous business relationship with Royal Melrose, through activities conducted in Minnesota, and purposefully availed itself of the privileges and benefits of conducting business in this State.

Upon a consideration of the "secondary factors," our conclusion remains the same.  Minnesota has an undeniable interest in providing its residents with a forum. Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd., supra at 524. Here, Royal Melrose is organized in and has its primary place of business in Minnesota.  Furthermore, BMMC has not asserted that Minnesota is an inconvenient forum, as representatives from BMMC have traveled to Minnesota in the past, and have conducted business in the State previously, both over the telephone and in

person.  These secondary factors do not counsel a different result than reached by a consideration of the primary factors, and therefore, we recommend that the Motion to Dismiss, for lack of personal jurisdiction, be denied.

   B.  <u>Motion for Judgment on the Pleadings or for Summary Judgment</u>.

     1.  <u>Standard of Review</u>.  Rule 12(c), Federal Rules of Civil Procedure, allows parties to move for a Judgment on the pleadings, "[a]fter the pleadings are closed, but within such time as not to delay the trial."  The standard, upon which Rule 12(c) Motions are decided, is akin to that of a Motion to Dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure.  See, <u>Westcott v. City of Omaha</u>, 901 F.2d 1486, 1488 (8th Cir. 1990)("[W]e review this 12(c) motion under the standard that governs 12(b)(6) motions."), citing <u>St. Paul Ramsey County Med. Ctr. V. Pennington County</u>, 857 F.2d 1185, 1187 (8th Cir. 1988); see also, <u>Flora v. Firepond, Inc.</u>, 260 F. Supp.2d 780, 784 (D. Minn. 2003), aff'd 383 F.3d 745 (8th Cir. 2004).  Thus, a "[j]udgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law."  <u>Faibisch v. University of Minnesota</u>, 304 F.3d 797, 803 (8th Cir. 2004), citing <u>United States v. Any & All Radio Station Transmission Equip.</u>, 207 F.3d 458, 462 (8th Cir. 2000).  A disputed fact is "material," if it must inevitably be resolved and the resolution will determine the

outcome of the case.  See, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Jenkins v. Southern Farm Bureau Casualty</u>, 307 F.3d 741, 744 (8th Cir. 2002)("A fact is material if its determination in favor of the non-moving party could affect the result in the case."); <u>Herring v. Canada Life Assurance</u>, 207 F.3d 1026 (8th Cir. 2000).

When making such determinations, "[w]e accept as true, all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." <u>Syverson v. Firepond, Inc.</u>, 383 F.3d 745, 749 (8th Cir. 2004), quoting <u>United States v. Any & All Radio Station Transmission Equip.</u>, supra at 462. However, the Court need not accept, as true, wholly conclusory allegations, or unwarranted factual inferences.  See, <u>Hanten v. School Dist. of Riverview Gardens</u>, 183 F.3d 799, 805 (8th Cir. 1999); <u>Springdale Educ. Ass'n v. Springdale School Dist.</u>, 133 F.3d 649, 651 (8th Cir. 1998).  Moreover, in treating the factual allegations of a Complaint as true, the Court "do[es] not, however, blindly accept the legal conclusions drawn by the pleader from the facts." <u>Westcott v. City of Omaha</u>, 901 F.2d 1486, 1488 (8th Cir. 1990), citing <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir. 1987).

A Motion for Judgment on the pleadings can be converted to a Rule 56 Motion for Summary Judgment if "matters outside the pleadings are presented to and not excluded by the court." Rule 12(c), Federal Rules of Civil Procedure. However, a Court may consider some information not contained within the Complaint, such as materials that are part of the public record, and materials that are necessarily embraced by the pleadings, without transforming the Motion into one for Summary Judgment. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999), see Faibisch v. University of Minnesota, supra at 802, Flora v. Firepond, Inc., supra at 784-785. Materials necessarily embraced by the pleadings include, "documents whose contents are alleged in the complaint, and whose authenticity nobody questions, but which are not physically attached to the pleading." Fraenkel v. Messerli & Kramer, P.A., 2004 WL 1765309 at *2 (D. Minn., July 29, 2004), quoting Kushner v. Beverly Enters., 317 F.3d 820, 831 (8th Cir. 2003), see also, Jenisio v. Ozark Airlines, Inc., Ret. Plans, 187 F.3d 970, 972 n.3 (8th Cir. 1999)("A district court may consider documents on a motion to dismiss where * * * the plaintiff's claims are based solely on the interpretation of the documents and the parties do not dispute the actual contents of the documents.").

- 17 -

2.    <u>Legal Analysis</u>.    The movant, BMMC, alleges that it is not responsible for the debt asserted by the Plaintiff in its Complaint.   The non-movant, Royal Melrose, states that genuine issues of material fact exist, including whether the responsibility for the account in question lies individually, or jointly, with BMMC and Wholesale Granite.    Furthermore, Royal Melrose has produced a letter, which potentially acknowledges BMMC's responsibility for the debt on the account.   See, <u>Theisen Aff.</u>, Ex. 11.   In light of the differing factual assertions of the parties, we are obligated to view any inconsistencies in a light most favorable to the non-movant, Royal Melrose.    Accordingly, we find that, for purposes of this Motion, disputed issues of material fact, over the responsibility for the account in question exist, and therefore, recommend that Defendant's Motion for Judgment on the Pleadings or, alternatively, for Summary Judgment, be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Defendants Motion to Dismiss, or in the alternative, for Summary Judgment [Docket No. 3] be denied.

Dated:  November 8, 2005                     s/Raymond L. Erickson
                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than November 28, 2005,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than November 28, 2005,** unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to

review the transcript in order to resolve all of the objections made.